IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-cv-02253-WYD-NYW

DEANNE TOXVARD,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

Pursuant to the stipulation of the parties, IT IS SO ORDERED:

Defendant Wal-Mart Stores, Inc. will produce certain documents, stamped CONFIDENTIAL and beginning with bates label Toxvard Confidential Documents_00001, which it considers privileged, confidential, proprietary and trade secret (the "CONFIDENTIAL" documents). The production of CONFIDENTIAL documents by the Defendant and the use of the CONFIDENTIAL documents by Plaintiff and her counsel will be conducted pursuant to the following terms, restrictions and conditions:

I.    This Protective Order shall apply to all documents, material and information, produced and marked "Confidential" and bearing a watermark identifying this case.

2.    Defendant's designation of documents as CONFIDENTIAL certifies that Defendant's counsel has reviewed the documents and has a good faith belief that the information contained therein is confidential or otherwise entitled to protection. It is agreed that all documents designated as CONFIDENTIAL are subject to this Protective Order.

3. Information obtained by the Plaintiff and her counsel from the CONFIDENTIAL documents and the CONFIDENTIAL documents themselves shall be used for the purpose of prosecuting this action and only this action.

4. Defendant shall not designate any document "CONFIDENTIAL" that has been admitted into evidence at any trial or hearing, unless the Court: (a) sealed public access to the document and/or closed the hearing/trial to the public; or (b) any motion to do so is pending.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL documents to any person identified under paragraph 5 of this Protective Order, counsel for Plaintiff shall first obtain a written agreement from each individual {other than counsel, persons employed by counsel, Court Personnel and stenographic reporters) who will review any or all of the documents or receive information therefrom that they agree to hold all such documents in confidence and agree to the terms and conditions set forth in Exhibit A, including that the individual will not reproduce the documents, transfer the documents or divulge information obtained therefrom to any other entity or person for any purpose. The written agreement shall be in the form attached hereto as Exhibit A. Plaintiff s counsel will maintain a list that identifies all persons or entities to whom CONFIDENTIAL documents or information have been disclosed, with a corresponding signed copy of the written agreement to abide by this Protective Order, set forth as Exhibit A, obtained from each person or entity.

7. Whenever a deposition involves disclosure of CONFIDENTIAL information, the deposition or portions thereof may be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record whenever possible, but a party may designate depositions or portions thereof as CONFIDENTIAL after transcription. Written notice of the designation shall be given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The designation of CONFIDENTIAL only applies to those specific questions and responses which utilize the Confidential information, and any related line of questioning. The provisions of this paragraph 7 do not apply to the entire deposition, except in the case that all questions relate to the Confidential information.

8. Plaintiff may object to the designation of particular CONFIDENTIAL information by giving written notice of the objection to Defendant within 14 days of the date of production of the CONFIDENTIAL information. The written notice shall identify the information to which the objection is made. If no written notice of objection is received by the Defendant within 14 days of the date of production of the CONFIDENTIAL information, any such objection is agreed by the parties hereto to be waived. If the parties cannot resolve the objection within 14 business days after the time the notice is received, it shall be the obligation of Defendant to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, Defendant shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Within 30 days of the demand of defendant's counsel, after the conclusion of this case, counsel for Plaintiff will furnish to counsel for Defendant, Sutton Booker P.C., a copy of the list maintained pursuant to paragraph 6 which identifies all persons or entities to whom CONFIDENTIAL documents or information has been disclosed along with the corresponding written agreements to abide by this Protective Order. Counsel for Plaintiff will return to counsel for Defendant, Sutton Booker P.C., within 30 days of the conclusion of this case, the original CONFIDENTIAL documents plus all copies or reproductions of any kind made from the documents, including but not limited to notes, extracts, compilation and photocopies, and all

depositions referring in any way to the CONFIDENTIAL documents or information contained therein.

10. Any request to restrict access must comply with the requirements of D.C.Colo.LCivR 7.2. Particularly, any documents containing CONFIDENTIAL information that are to be filed with the Court by either party must be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2(0). The filing party must simultaneously give written notice to the opposing party when filing CONFIDENTIAL information. Any party may file a motion to restrict access in accordance with D.C.COLO.LCivR 7.2(c). CONFIDENTIAL information filed with the Court or used in any court proceeding in connection with this action ~~shall~~ may not necessarily lose its status through such use. To the extent that the requirements of this paragraph are inconsistent with any applicable local rules concerning the filing of restricted documents, then the local rules shall govern. Nothing in this paragraph or Order may be construed as any Order to restrict any CONFIDENTIAL document and/or information.

11. The production of documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

12. This Protective Order survives this case for the purpose of enforcement.

Dated March 3, 201~~5~~6.

                                            BY THE COURT:

                                            s/Nina Y. Wang
                                            United States ~~District~~ Magistrate Judge

Deanne Toxvard v Wal-Mart Stores, Inc.
Case Number : 1:15-cv-02253-WYD

COMMITMENT OF QUALIFIED PERSON PURSUANT TO CONFIDENTIALITY AGREEMENT

My full name is:________________________________________

My address is:________________________________________________________________

My present employer is: ________________________________________________________

My present occupation or job description is:______________________________

I hereby affirm that:

1. I have received or reviewed the following confidential documents numbered Toxvard Confidential . I will not reproduce or transfer any of the documents I reviewed or received.

2. I have received and read a copy of the Confidentiality Agreement entered into the action entitled *Deanne Toxvard v Wal-Mart Stores, LLC.*, Case Number 1:15-cv-02253-WYD-NYW.

3. I understand the terms thereof and agree to be bound thereby. I will not disclose any information from the documents to persons not identified in paragraphs 3 and 4 of the Confidentiality Agreement. I will use any such information only with respect to this case;

4. I will return all documents that come into my possession and all documents or things which I have prepared which contain such information to any attorney representing the party that has employed or retained me; and

5. I am aware that a violation of such an agreement may result in civil liability. I submit to the jurisdiction of this Court for the purposes of enforcement of the Confidentiality Agreement.

DATED this __ day of_____________, 201_.

By: ______________________________

Exhibit A